**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 29 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

CHEN JEAN YANG,

Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 99-9531
(No. A36032364)
(Petition for Review)

**ORDER AND JUDGMENT** *

Before **TACHA** , **EBEL** , and **LUCERO** , Circuit Judges.


After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Chen Jean Yang petitions this court for review of a decision of the Board of Immigration Appeals (BIA) denying his motion to reopen the deportation case against him. Yang sought reconsideration of the BIA's denial of his motion to remand the case to the Immigration and Naturalization Service (INS) to allow him to apply for adjustment to permanent resident alien status.

In a previous decision in this case, we determined that the BIA's decision that Yang was deportable was supported by substantial evidence and had not been an abuse of discretion. See Yang v. INS, No. 90-9557, 1991 WL 128491, at **1 (10th Cir. July 10, 1991) (unpublished disposition). We also upheld the BIA's denial of Yang's previous motion for remand for adjustment of status. See id. Over two years later, on November 17, 1993, Yang filed the motion for reconsideration at issue here, relying on a new "good faith exception" to the rules barring adjustment of status for aliens currently in deportation proceedings. This exception became effective on November 29, 1990, after the BIA had reached its previous decision in Yang's case. See Immigration Act of 1990, Pub. L. 101-649, 104 Stat. 4978, 5086; 8 U.S.C. § 1255(e) (1991).

Motions for reopening of immigration proceedings are disfavored, particularly in deportation proceedings, where every delay works to the benefit of the deportable alien who wishes to remain in the United States. See INS v. Doherty, 502 U.S. 314, 323 (1992). Here, the BIA denied reopening on two

grounds: failure to establish a prima facie case for the relief sought, and denial in the exercise of the BIA's discretion. We review the denial of reopening under both grounds for an abuse of discretion. See id.; M.A. v. INS, 899 F.2d 304, 308 (4th Cir. 1990).

Yang launches several attacks on the BIA's decision not to reopen and remand his case. He first argues that the BIA was required to grant his motion to reopen, since the INS did not respond to the motion. He relies on an agency regulation concerning INS responses to motions to reopen, 8 C.F.R. § 3.2(g)(3). Section 3.2(g)(3), however, states only that "[a] motion [to reopen] shall be deemed unopposed unless a timely response is made." It does not say that an unopposed motion must be granted. Rather, the decision to grant or deny a motion to reopen remains within the BIA's discretion. See id. § 3.2(a).

Yang argues, however, that the BIA abused its discretion by failing to explain why it did not reopen his case and why relief would not likely be granted on remand. On the contrary, the BIA provided an extended discussion of its reasons for denying the motion to reopen as an exercise of discretion and also explained why it was unlikely that Yang would receive relief on remand. R. at 4. The BIA measured the positive equities of Yang's marriage to his present wife, his United States citizen children, and his operation of a business that employs approximately twenty-five people against the earlier finding that his prior

marriage had been a sham entered into for purposes of evading the immigration laws. The BIA then determined, in its discretion, that the previous marriage fraud outweighed the positive equities favoring adjustment of status and that Yang had therefore failed to demonstrate that he would likely be granted relief on remand. Yang fails to show that the BIA abused its discretion in making this finding.

Yang next attempts to attack the substance of the BIA's determination that his first marriage was primarily intended to be a sham. This argument is barred by the law of the case doctrine, because it was fully resolved against Yang in our previous order and judgment in this case. See Hale v. Gibson, ___F.3d___, No. 99-6083, 2000 WL 1375305, at *33 n.13 (10th Cir. Sept. 25, 2000) (discussing law of the case doctrine).

Yang next argues that the BIA erred in failing to consider whether he was eligible to apply for cancellation of removal pursuant to 8 U.S.C. § 1229b(b).[1] The BIA denied Yang's application as a matter of discretion. This being the case, it had no duty even to consider whether he made out a prima facie case for relief

---

[1] The BIA determined that he was not eligible pursuant to § 1229b(a) because he had not met the seven-year continuous presence requirement of § 1229b(a)(2). Computation of that period (which runs from the date of admission to the United States) was suspended when Yang was served a notice to appear. See id. § 1229b(d)(1). Yang contends, however, that the BIA should also have considered whether he met the ten-year continuous presence requirement of § 1229b(b)(1)(A), which runs backward from the date of application.

under § 1229b(b).  See INS v. Rios-Pineda, 471 U.S. 444, 449 (1985).  Its failure to address this issue does not require us to afford Yang relief.

Yang next contends, for the first time on appeal, that he was eligible for "repapering" under a new policy adopted by the General Counsel of the INS.  See generally IIRIRA § 309(c)(2), (3), Pub. L. 104-208, as amended Pub. L. 104-302, 110 Stat. 3657 (1996).  He fails to show, however, that repapering applies to aliens like himself, who are subject to a final administrative decision and whose motion to reopen already was denied in the exercise of the BIA's discretion prior to the effective date of the new policy.  See Addendum to Appellant's Br., General Counsel Mem. at 2 ("Section 309(c)(3) only provides for repapering in proceedings in which there has not been a final administrative decision, and section 309(c)(2) applies to aliens at an even earlier stage of proceeding, not to those with a final order.").

Finally, Yang asserts that the BIA failed to provide adequate consideration and weight to his right to family integrity and to the rights of his citizen wife and children.  Given that reopening is a discretionary decision, we conclude that the

BIA's discussion of these issues was adequate and that the BIA did not abuse its discretion in declining to reopen Yang's case.

The petition for review is DENIED.

Entered for the Court

Deanell Reece Tacha
Circuit Judge

No. 99-9531, *Yang v. Immigration & Naturalization Service*

**LUCERO** , J., dissenting.

Although I agree with much of the majority's analysis, I dissent from its disposition of this case for the following reasons. The Order and Judgment affirms a refusal to reopen proceedings where the sole negative factor that "tips the balance" toward denying relief is petitioner's prior sham marriage, despite several positive factors weighing in favor of relief. The result suggests reopening of deportation proceedings can never be warranted where there has been a past sham marriage, regardless of the positive equities that would otherwise favor discretionary reopening. By elevating the sham marriage to the status of an automatic disqualifier, the BIA has essentially abdicated its exercise of discretion. See INS v. Rios-Pineda , 471 U.S. 444, 451 (1985) ("While all aliens illegally present in the United States have, in some way, violated the immigration laws, it is untenable to suggest that the Attorney General has no discretion to . . . distinguish among them on the basis of the flagrancy and nature of their violations.").

Moreover, it is clear from a review of the record that the BIA has overlooked a significant equitable factor: a six-year delay not occasioned by petitioner. The unexplained postponement of the BIA's ruling, to which one may attribute the age of petitioner's citizen children at this stage of the proceedings and his gradual loss of association with friends and relatives in his country of

origin, should have been considered as an equitable factor favoring reopening. In short, by refusing to consider the effect of such a lengthy delay, the BIA has neglected its duty to weigh all of the relevant evidence when considering a motion to reopen. See Dulane v. INS , 46 F.3d 988, 995-96 (10th Cir. 1995) (reversing the BIA's decision not to reopen and remanding for further consideration where the BIA's articulation of the basis for its denial "gives no indication that it actually considered all the relevant evidence").

I would remand for a proper weighing of the equities with instructions to consider the BIA's six-year delay as a positive factor favoring reopening.